Filed 9/22/20  P. v. Case CA2/6

Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TIMOTHY EUGENE CASE,<br><br>    Defendant and Respondent. | 2d Crim. No. B283838<br>(Super. Ct. No. 2016045507)<br>(Ventura County)<br><br><br>OPINION FOLLOWING<br>TRANSFER FROM<br>SUPREME COURT |

Timothy Eugene Case pled guilty to nine felony counts of misuse of the personal identifying information of another (Pen. Code, § 530.5, subd. (a)).[1]  Over the People's objection, the trial court granted Case's motion to reduce the section 530.5(a) convictions to misdemeanors pursuant to Proposition 47 and section 490.2.  The People appealed that order, which we affirmed.  The California Supreme Court granted review.  (*People*

---

[1] All statutory references are to the Penal Code. Subsequent citations to section 530.5, subdivision (a) will appear as section 530.5(a).

*v. Case* (May 31, 2018, B283838) [nonpub. opn.], review granted Aug. 8, 2018, S249667.)

After deciding *People v. Jimenez* (2020) 9 Cal.5th 53 (*Jimenez*), the Supreme Court transferred the matter back to this court with directions to vacate our prior opinion and to reconsider the cause in light of *Jimenez*. Having done so, we conclude *Jimenez* requires reversal of the trial court's order. We therefore reverse and remand for resentencing.

FACTS AND PROCEDURAL HISTORY

In 2016, Case entered five different stores in Simi Valley and used a stolen credit card to purchase e-cigarette devices, a digital scale, Ziploc baggies, alcohol, two packs of cigarettes, batteries, food and two prepaid cell phones. The total cost of the items was $849.17.

The prosecution charged these offenses as felony misuse of personal identifying information under section 530.5(a). At the preliminary hearing, Case's attorney argued the offenses should be charged as misdemeanors or the "Court should exercise its discretion in compliance with the will of the electorate that has been expressed through the passage of Prop[osition] 47 and reduce these counts, the 470s and 530.5, which remain wobblers via 17 (b)." The magistrate denied the request and also declined to reduce the counts to misdemeanors under section 17, subdivision (b). Case was held to answer on all counts.

After pleading guilty to the nine felony section 530.5(a) offenses, Case renewed his request to reduce the offenses to misdemeanors pursuant to Proposition 47. The trial court reviewed *People v. Gonzales* (2017) 2 Cal.5th 858 and *People v. Romanowski* (2017) 2 Cal.5th 903, and determined that under the reasoning and holdings in those cases, it was "obligated to

declare Counts 1 through 9 as misdemeanors." (*People v. Case, supra*, B283838.)

Following reclassification of the convictions in 2017, the trial court sentenced Case to the full six-month term on each of the nine counts, "consecutive to one another and consecutive to each other for a total of four [and] 1/2 years in the county jail." (*People v. Case, supra*, B283838.)

In our prior opinion, we agreed with the trial court's analysis. Based on our interpretation of then-existing precedent, we upheld the court's determination that Case's section 530.5(a) offenses qualified as misdemeanor shoplifting, thereby entitling him to the requested relief. (*People v. Case, supra*, B283838.)

DISCUSSION

Proposition 47, which was enacted in 2014, added section 459.5, which created the crime of shoplifting. Section 459.5, subdivision (a) provides: "Notwithstanding [s]ection 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." Section 459.5, subdivision (b) expressly limits charging on shoplifting: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

The issue in *Jimenez* was "whether a felony conviction for misuse of personal identifying information under section 530.5, subdivision (a) can be reduced to misdemeanor shoplifting under Proposition 47." (*Jimenez, supra*, 9 Cal.5th at p. 58.) The Courts

3

of Appeal were divided on the issue.  The Supreme Court resolved the conflict by holding that no such reduction can occur because "misuse of personal identifying information is not a 'theft' offense" under Proposition 47.  (*Jimenez*, at p. 71.)  *Jimenez* explains that although the crime is often referred to as "'identity theft,'" the statutory language does not include the term "theft" or contain the requirements central to a theft crime.  (*Id.* at p. 63.)

The Court emphasized that "[t]he new shoplifting offenses are ill suited to punish misuse of identifying information. [Citations.]  The offenses are fundamentally different, and they reflect different legislative rationales. . . .  [U]nauthorized entries — of the sort still chargeable as burglary — present an increased danger of violence because the entry is unwelcome, unexpected, and results in panic and risk to personal safety.  [Citation.]  In enacting the shoplifting statute, 'the electorate signaled that these interests do not apply in the same way' during the day, when a person is stealing property worth $950 or less 'in a place where he or she has been invited to peruse the goods and services that are on offer.'"  (*Jimenez*, *supra*, 9 Cal.5th at p. 65, italics omitted.)  In contrast, section 530.5(a) "prohibits a person from 'acquiring, retaining, or using information, rather than taking it,' — itself a fair indicator that the Legislature was concerned with use, not theft.  [Citation.]  And on its face, it addresses harms reaching well beyond theft, implicating issues of privacy and control of personal data. [Citation.]"  (*Jimenez*, at p. 65.)

We are bound by our Supreme Court's precedent. (*AutoEquity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.)  Since Case's section 530.5(a) convictions do not qualify as theft convictions, they may not be reclassified as misdemeanor shoplifting convictions.  (See *Jimenez*, *supra*, 9 Cal.5th at p. 71.)

4

Consequently, Case is not entitled to the Proposition 47 relief granted by the trial court.

DISPOSITION

The trial court's order reducing Case's nine section 530.5(a) felony convictions to misdemeanors is reversed and the matter is remanded to the trial court for sentencing consistent with the *Jimenez* opinion.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

5

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____

Gregory D. Totten, District Attorney, Lisa O. Lyytikainen, Senior Deputy District Attorney, for Plaintiff and Appellant.

Todd W. Howeth, Public Defender, Russell L. Baker and Michael McMahon, Senior Deputy Public Defenders, for Defendant and Respondent.